UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| RICHIE ELZANDER MAYES, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 17-35-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| STEVE HANEY, Administrator, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Richie Elzander Mayes was a pretrial detainee, previously at the Fayette County Detention Center ("FCDC") in Lexington, Kentucky. Proceeding without an attorney, Mayes sent a letter to the Court styled as a "Writ of Prohibition and Certiorari Habeas Corpus." The letter was docketed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and, as required by a prior Order, Mayes re-filed an amended petition on a court-supplied form and paid the filing fee.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Mayes's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v.*

*Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In October 2016, a Fayette County, Kentucky grand jury issued an indictment charging Mays with one count of rape in the first degree (count one), one count of fleeing or evading police in the second degree (count two), and one count of criminal mischief in the third degree (count three). [Record No. 5-1, Indictment]. Mayes alleged in his habeas petition that, notwithstanding his *pro se* demands for a speedy trial within 180 days as required by KRS § 500.110, the judge presiding over the state criminal case against him scheduled a trial date outside the permitted period without his consent. [Record No. 5]. He requested a timely trial or dismissal of the case, as well as release from custody while the petition was pending. [Record No. 5 at p. 8].

A review of the state court record in Mayes' case shows that a trial was held in March 2017. *Commonwealth v. Mayes*, No. 10-CR-966 (Fayette Co., Kentucky Circuit Court 2016). On March 9, 2017, the jury returned a verdict finding Mays not guilty of count one of the indictment but guilty of counts two and three. *Id.* Also on March 9, 2017, Mayes was sentenced on counts two and three of the indictment to time served and was released from custody. *Id.*

Article III's case or controversy requirement limits the federal courts' jurisdiction to addressing "real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character." *North Carolina v. Rice*, 404 U.S. 244, 246

(1971)(citation omitted). If "events occur during the pendency of a litigation which render the court unable to grant the requested relief," the case becomes moot, and the court loses jurisdiction to entertain it. *Abela v. Martin*, 309 F.3d 338, 343 (6th Cir. 2002)(internal citations and quotation marks omitted).

Under most circumstances, a prisoner's release from challenged custody during the pendency of a habeas petition will render the case moot. *Cf. Scott v. Holt*, 297 F. App'x 154, 155 (3d Cir. 2008)("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - some 'collateral consequence' of the conviction - must exist if the suit is to be maintained.") (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Here, Mayes has now been tried and released from custody. Thus, he has been granted the relief sought in his § 2241 petition and there is nothing left for this Court to do. The Court therefore will deny Mayes' petition as moot. *Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009).

Accordingly, it is hereby **ORDERED** as follows:

1. Mayes' amended petition for writ of habeas corpus [Record No. 5, 6] is **DENIED AS MOOT**. A corresponding Judgment will be entered this date.

2. This matter is **STRICKEN** from the Court's docket.

This 28th day of August, 2017.



Signed By:
*Danny C. Reeves* DCR
United States District Judge